Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL NICASIO,<br><br>                Plaintiff,<br><br>      vs.<br><br>CAPITAL MANAGEMENT SERVICES, LP<br>and JOHN DOES 1 to 10,<br><br>                Defendants. | Civil Action No.<br><br><br><br><br><br>**COMPLAINT** |

Plaintiff, Daniel Nicasio, by way of Complaint against Defendant, Capital Management Services, LP and John Does 1 to 10 says:

### I.   NATURE OF THE ACTION

1.   This action for statutory damages arises from the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

### III.   PARTIES

4. Plaintiff, Daniel Nicasio, is a natural person residing in Bergen County, New Jersey.

5. Defendant, Capital Management Services, LP ("Defendant" or "CMS") is a collection agency located at 698 ½ South Ogden Street, Buffalo, New York 14206.

6. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## IV.   FACTS

7. Defendant is not in the business of extending credit, selling goods or services to consumers.

8. Defendant regularly collects or attempts to collect debts that are past due.

9. Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

10. Defendant is in the business of collecting debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11. In attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce

12. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

13. Defendant is a collection agency.

14. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation to Barclays Bank Delaware ("Debt" or "Account").

15. The Debt is alleged to arise from one or more transactions.

16. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

17. The Account was assigned to Defendant for the purpose of collecting the Debt.

18. Defendant contends that the Account is in past due and in default.

19. The Account was past due and in default at the time it was placed with or assigned to Defendant for collection.

20. In attempts to collect the Debt, Defendant mailed collection letters to Plaintiff on March 5, 2015 and April 8, 2015 ("Letters").

21. True copies of the Letters, but with redactions, are attached as **Exhibit A**.

22. Plaintiff received and reviewed the Letters.

23. The Letters were mailed in window envelopes.

24. Being sent in window envelopes, the account number associated with the Debt was visible through the window of the envelopes.

25. Being sent in a window envelope, the barcode containing the account number associated with the Debt was visible through the window of the envelopes.

26. Barcodes are easy to create and scan; and its use is widespread throughout the world.

27. The information in the barcode, i.e., the account number associated with the Debt, can be easily accessed by smartphones using free applications, such as the *Barcode Scanner* which has over 100 million downloads,[1] or other readily available consumer electronic devices.

28. Anyone can easily scan the barcode and access Defendant's personal account number.

29. The account number exposed is personal identifying information, and its disclosure has the potential to cause harm to the consumer.

30. Defendant could have easily taken measures to prevent the account number and the barcodes containing the account number from being visible through the window envelopes but chose not to do so.

31. Defendant has recklessly availed Plaintiff's personal identifying information to the public.

32. The FDCPA prohibits a debt collector from "[u]sing **any language or symbol**, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8) (emphasis added).

33. Unlawfully exposing the account number and the barcodes containing the account number associated with the Debt violates the FDCPA because it is impermissible language or symbols under § 1692f(8) which has the potential to cause harm to a consumer.[2]

---

[1] https://play.google.com/store/apps/details?id=com.google.zxing.client.android
[2] *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 302, 306 (3d Cir. 2014); *see also Berry v. ARS Nat'l Servs.*, No. 15-1529, 2015 U.S. Dist. LEXIS 171043 (E.D. Pa. Dec. 23, 2015); *Palmer v. Credit Collection Servs.*, No. 15-1681, 2015 U.S. Dist. LEXIS 171039 (E.D. Pa. Dec. 22, 2015); *Link v. ARS Nat'l Servs.*, No. 15-643, 2015 U.S. Dist. LEXIS 164263 (W.D. Pa. Dec. 8, 2015); *Pirrone v. NCO Fin. Sys.*, No. 15-4000, 2015 U.S. Dist. LEXIS 163747 (E.D. Pa. Nov.

34. It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which unlawfully exposed the recipients' sensitive account numbers to the public.

## V. FIRST COUNT - VIOLATIONS OF THE FDCPA

35. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

37. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

38. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

39. The Letters were sent by Defendant to Plaintiff in an attempt to collect the Debt.

40. The Letters are "communications" pursuant to 15 U.S.C. § 1692a(2).

41. By sending the Letters, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

   b. Defendant used any language or symbol, other than Defendant's address, on any envelope when communicating with a consumer by use of the mails, in violation of 15 U.S.C. § 1692f(8).

42. The violations of the FDCPA described herein constitute *per se* violations.

43. Based on any one or more of those violations, Defendant is liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

---

30, 2015); *Sungsoo Park v. ARS Nat'l Servs.*, No. 15-cv-02867-SDW-SCM, 2015 U.S. Dist. LEXIS 147171 (D.N.J. Oct. 30, 2015); *In re ACB Receivables Mgmt.*, No. 14-cv-6418-FLW-LHG, 2015 U.S. Dist. LEXIS 119812 (D.N.J. Sept. 9, 2015); *Kostik v. ARS Nat'l Servs.*, No. 3:14-CV-2466, 2015 U.S. Dist. LEXIS 95230 (M.D. Pa. July 22, 2015); *Styer v. Prof'l Med. Mgmt., Inc.*, 114 F. Supp. 3d 234 (M.D. Pa. 2015).

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Daniel Nicasio, demands judgment against Defendant, Capital Management Services, LP as follows:

A.    For maximum statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B.    For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

C.    For pre-judgment and post-judgment interest; and

D.    For such other and further relief as the Court deems equitable and just.

## VII.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## VIII.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*

Dated: March 4, 2016